# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| BOBBY MITCHELL, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case Action Number: |
| | * | |
| FIRST ACCEPTANCE INSURANCE COMPANY, INC., | * | |
| | * | |
| | * | |
| Defendant. | * | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant First Acceptance Insurance Company, Inc. (hereinafter, "First Acceptance"), appearing solely for purposes of filing this notice, reserving all rights, defenses, exceptions and claims and without waiver thereof, hereby removes to this Court the state-court action described below pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the following grounds:

1. This civil action falls under this Court's original jurisdiction under 28 U.S.C. §1332 (diversity of citizenship) and may be removed to this Court under 28 U.S.C. § 1441 *et seq*. as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the Defendant, First Acceptance, is of completely diverse citizenship to the Plaintiff.

2. Removal of this action to this Court is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the Southern District, Southern Division, which covers the County where the removed state-court action was pending. Because the Complaint was

1

filed in the Circuit Court of Mobile County, Alabama, this District and Division is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a).

3. As required by 28 U.S.C. § 1446(a), the following documents are attached hereto and are incorporated herein by reference:

- Exhibit 1:  Index of matters being filed;
- Exhibit 2:  Pleadings asserting causes of action filed in the state-court action;
- Exhibit 3:  Copies of all process, pleadings and orders served in the case;
- Exhibit 4:  The docket sheet of the state-court action; and
- Exhibit 5:  NAIC Company Summary.

4. This notice of removal is filed pursuant to 28 U.S.C. § 1446(b)(1), as Defendant First Acceptance removes this matter within 30 days of the receipt of the initial pleading setting forth the claim or relief upon which such action or proceeding is based. Defendant First Acceptance was served with the Complaint on November 17, 2025. (Exhibit 3, State Court Filings at p. 21).

## I.  STATEMENT OF FACTS

5. The Plaintiff, Bobby Mitchell, Jr. ("Mr. Mitchell"), initiated this action on November 10, 2025, with the filing of his Complaint styled *Bobby Mitchell, Jr. v. First Acceptance Ins. Co.*, 02-CV-2025-903141.00, pending in the Circuit Court of Mobile County, Alabama. (Exhibit 2, Complaint).

6. Mr. Mitchell specifically alleges in his Complaint that he "is an adult resident citizen of Mobile County, Alabama." (Exhibit 2, Complaint at ¶¶ 1). <u>Mr. Mitchell's Complaint confirms that he a is citizen of the State of Alabama for purposes of diversity jurisdiction. 28 U. S. C. § 1332(c)(1).</u> (Exhibit 2, Complaint at ¶¶ 1).

7.      First Acceptance is a corporation organized under the laws of Texas with its principal place of business in Tennessee. (Exhibit 5, NAIC Company Summary). <u>First Acceptance is considered a citizen of both Texas and Tennessee for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).</u> (Exhibit 5, NAIC Company Summary).

8.      The underlying event that serves as the basis of this lawsuit is a motor vehicle accident that occurred on June 1, 2022, in Baldwin County, Alabama, involving a vehicle owned by Kay Marie Bellrichard. (Exhibit 2, Complaint ¶¶ 4-5). The Plaintiff alleges that he was involved in an accident with a minor, Adrian Antonio Padilla while she was driving Kay Marie Bellrichard's vehicle. (Exhibit 2, Complaint ¶¶ 4-5). At the time of the accident, Kay Marie Bellrichard had a policy of automobile liability insurance coverage with First Acceptance. (Exhibit 2, Complaint ¶ 7). Plaintiff filed a lawsuit against Kay Marie Bellrichard and Adrian Antonio Padilla in the Circuit Court of Baldwin County, Alabama, Civil Action No. 05-CV-2024-900739.00. (Exhibit 2, Complaint ¶ 5). First Acceptance denied coverage and refused to defend or indemnify Bellrichard. (Exhibit 2, Complaint ¶ 8). Plaintiff moved for default judgment against Bellrichard and Padilla, and following an evidentiary hearing, a default judgment was entered against Kay Marie Bellrichard and Adrian Antonio Padilla in the amount of $1,888,700.76. (Exhibit 2, Complaint ¶ 6). After the default judgment of $1,888,700.76 was entered, the Plaintiff asked Bellrichard to execute an Assignment of Rights in his favor, "transferring to him all rights and causes of action she possessed against First Acceptance arising from its denial of coverage and failure to indemnify." (Exhibit 2, Complaint ¶ 9). Plaintiff brought this lawsuit "as assignee to enforce those rights and to collect the judgment pursuant to Alabama Code § 27-23-2 and applicable Alabama common law." (Exhibit 2, Complaint ¶ 10). The Plaintiff's Complaint contains three Counts. (Exhibit 2, Complaint.) Count I- Enforcement of Judgment Under Ala. Code § 27-23-2,

demands that First Acceptance pay the amount of the judgment against Bellrichard, which totals $1,888,700.76, plus post-judgment interest and costs. (Exhibit 2, Complaint Count I).  Count II- Breach of Contract (Assigned Claim) alleges that First Acceptance breached its contract with Bellrichard by refusing to defend or indemnify her. (Exhibit 2, Complaint Count II).  Count II demands judgment in the amount of $1,888,700.76, plus interest and costs. (Exhibit 2, Complaint Count II).  Count III- Bad Faith Failure to Pay/ Failure to Defend (Assigned Claim) alleges that First Acceptance had no reasonably legitimate or arguable reason to deny coverage or refuse to indemnify Ms. Bellrichard and acted intentionally, recklessly, and in bad faith in failing to investigate, defend or pay the claim. (Exhibit 2, Complaint Count III). Count III demands judgment and states that the Plaintiff is entitled to recover all compensatory and punitive damages, in excess of the jurisdictional threshold of this Court, available under Alabama law, plus interest and costs. (Exhibit 2, Complaint Count III).

9. The Complaint filed by Mr. Mitchell alleges three Counts: Count I- Enforcement of Judgment Under Ala. Code § 27-23-2; Count II- Breach of Contract (Assigned Claim) and Count III- Bad Faith Failure to Pay/ Failure to Defend (Assigned Claim). (Exhibit 2, Complaint).

10. The Complaint filed by Mr. Mitchell demands: $1,888,700.76, plus post-judgment interest and costs in Count I; $1,888,700.76, plus interest and costs in Count II; and compensatory and punitive damages, plus interest and costs in Count III. (Exhibit 2, Complaint).

## II. JURISDICTION

11. The Court has diversity jurisdiction over this case. Pursuant to 28 U.S.C. § 1332, District Courts have "original jurisdiction of all civil cases where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between … citizens of

different States." Defendant petitions for removal pursuant to 28 U.S.C. § 1446(b)(1) based on the Plaintiff's Complaint as the basis for removal regarding the amount in controversy.

**A.      There is Complete Diversity between the Parties to this Action.**

12.     First, pursuant to the Supreme Court's holding in *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), there must be complete diversity between the parties in order for a district court to have subject matter jurisdiction.  "A district court may exercise diversity jurisdiction only if there is complete diversity between the parties, that is, no two adverse parties are citizens of the same state." *Ranbaxy Labs. Inc. v. First Databank, Inc.*, 826 F.3d 1334, 1338 (11th Cir. 2016) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)).

13.     Second, pursuant to 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded."

14.     As set forth herein above, <u>Plaintiff is a citizen of Alabama</u> and <u>Defendant First Acceptance is a citizen of both Texas and Tennessee</u> because it is a Texas corporation with its principal place of business in Tennessee. Therefore, complete diversity of citizenship exists between the parties.

**B.      The Amount in Controversy Meets this Court's Jurisdictional Threshold.**

15.     First, pursuant to 28 U.S.C. § 1446(c)(2), "[i]f removal of a civil action is sought on the basis of [diversity jurisdiction], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy […]." See also *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).

16.      Mr. Mitchell's Complaint contains three Counts. (Exhibit 2, Complaint).  Count I- Enforcement of Judgment Under Ala. Code § 27-23-2 demands judgment against First Acceptance

directing First Acceptance to pay the amount of $1,888,700.76, plus post-judgment interest and costs. (Exhibit 2, Complaint Count I).  Count II- Breach of Contract (Assigned Claim) demands judgment against First Acceptance for the full judgment amount of $1,888,700.76, plus interest and costs. (Exhibit 2, Complaint Count II).  Count III- Bad Faith Failure to Pay/Failure to Defend (Assigned Claim) demands compensatory and punitive damages available under Alabama law. (Exhibit 2, Complaint Count III).

17.  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. 81, 89 (2014).  Here, the Complaint specifically demands judgment against First Acceptance for, at the very least $1,888,700.76, plus post-judgment interest and costs under two separate Counts, plus compensatory and punitive damages for bad faith failure to pay/failure to defend. (Exhibit 2, Complaint Counts I and II).  It is undeniably clear that Mr. Mitchell is seeking damages well in excess of $75,000.00 because not only is he looking for payment of the underlying judgment of $1,888,700.76, plus post-judgment interest and costs under two separate Counts, but he is also looking for compensatory and punitive damages for the bad faith claim.  (Exhibit 2, Complaint).

18.  "[A] removing party is not required to prove the amount in controversy beyond all doubt or banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 754 (11th Cir. 2010).  Instead, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754).  In doing so, "a district court need not suspend reality or shelve common sense in determining whether the face of a

complaint . . . establishes the jurisdictional amount," but instead may "use their judicial experience and common sense." *Id.* at 1062 (citations and quotations omitted). Here, it is apparent that the specific damages pled in the Complaint are in excess of $75,000.00, because the Plaintiff is asking in two different Counts for First Acceptance to pay the full judgment of $1,888,700.76, plus post-judgment interest and costs, and pay additional compensatory and punitive damages for the bad faith claim.

19.     Based on Mr. Mitchell's allegations that First Acceptance should pay the judgment of $1,888,700.76, plus post-judgment interest and costs, and pay <u>additional compensatory and punitive damages for the bad faith claim</u>, there is more than "a plausible allegation" that the amount in controversy exceeds $75,000.00 at the time of removal under 28 U.S.C. § 1332(a). *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

20.     Here, in applying "common sense and judicial experience," this Court should find that the amount in controversy arising from Plaintiff's claims satisfies the jurisdictional threshold on diversity grounds. The Eleventh Circuit has explained why the use of "common sense and judicial experience" concerning claims asserted is necessary, and not just beneficial, particularly with respect to the more nebulous and indefinite damages that may be awarded in connection with punitive damage claims:

> "Sometimes, when a plaintiff's allegations are viewed in light of the award factors … it will be clear that the jurisdictional minimum is likely met. In such circumstances, preventing a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case. This rule would reward plaintiffs for employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant. *Pretka*, 608 F.3d at 766.

> For instance, a plaintiff could "defeat federal jurisdiction simply by drafting his pleadings in a way that did not specify an approximate value of the claims and thereafter provide the defendant with no details on the value of the claim." *Id*. Plaintiffs skilled in this form of artful pleading could, with this "trick," simply "make federal jurisdiction disappear." *See id*. Indeed, if courts were to rely solely on a plaintiff's damage statements, as [the plaintiff] suggests, it is difficult to imagine a punitive damages suit that could be removed against a plaintiff's wishes. Both policy and precedent counsel against rewarding such obfuscating tactics.
>
> Thus, when a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate. Otherwise, a defendant could wrongly be denied the removal to which it is entitled."

*Roe*, 613 F.3d at 1064.

21.  In the matter at hand, punitive damages are recoverable under the bad faith claim set forth in Count III of the Complaint. *Ala. Code* § 6-11-20(1)("Punitive damages may not be awarded in any civil action, except civil actions for wrongful death pursuant to Sections 6-5-391 and 6-5-410, other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff."); *Liberty Nat. Life Ins. Co. v. Sanders*, 792 So. 2d 1069, 1078 (Ala. 2000)("Punitive damages must be supported by clear and convincing evidence "that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff."); *Magic Home Builders, Inc. v. Jolly*, 539 So. 2d 303, 305 (Ala. Civ. App. 1988)("A party may recover punitive damages in Alabama if he shows that he suffered at least nominal damages and that the acts of which he complains were committed with malice, willfulness, or wanton and reckless disregard of the rights of others.")

22.     Courts also considered the fact of whether the plaintiff is seeking punitive damages, particularly in cases where the defendant is a relatively large company. Specifically, in *Pullum v. Ford Motor Co.*, 2019 WL 2578948 (M.D. Ala. 2019), the plaintiff sued Ford based upon a faulty "Powershift Transmission," which resulted in the plaintiff's vehicle not running properly. *Id*. at 1. The plaintiff asserted claims of fraud, fraud in the inducement, breach of express warranty, breach of implied warranty and violation of the Magnuson-Moss Warranty Act. *Id*. Ford removed the case based on the fact that the plaintiff "did not expressly disclaim damages over $75,000.00" and based upon the fact that the plaintiff "claims punitive damages against a large company." *Id.* In determining that Ford had carried its burden in satisfying the amount in controversy requirement, the court first addressed the fact that the plaintiff refused to expressly disclaim damages in excess of $75,000.00:

> "Some courts in this Circuit have required that a plaintiff expressly disclaim entitlement to $75,000.00 or more in the complaint in order to avoid removal. *See, e.g., Jones v. Hartford Fire Ins. Co.*, 2013 WL 550419, *1 (N.D. Ala. 2013); *Smith v. State Farm Fire and Cas. Co.*, 868 F.Supp.2d 1333, 1335 (N.D. Ala. 2012). While such a categorical approach has been rejected by other courts, the absence of such stipulations is still a persuasive consideration. *See Townsend v. Win-Holt Equip. Corp.*, 2018 WL 4608476, *2 (M.D. Ala. 2018) ("Although a plaintiff's refusal to stipulate that damages do not exceed $75,000.00 does not alone establish the amount in controversy, ... the court may consider such refusal as evidence that the amount in controversy is met." (internal citations and quotations omitted)).

*Pullum.*, 2019 WL 2578948, at *2; *see also Sullins v. Moreland*, 2021 WL 54206 at *7 (M.D. Ala. 2021) ("the Court finds that the failure to stipulate is relevant, but not dispositive, as to whether the amount in controversy is present"). The court then turned to the fact that the plaintiff was seeking punitive damages against a large company.

9

> "Additionally, where a removing defendant alleges that a plaintiff's claim for punitive damages satisfies the amount in controversy, "[the defendant] need only prove the jurisdictional facts necessary to establish that punitive damages in an amount necessary to reach the jurisdictional minimum are at issue—that is, that such damages *could* be awarded." *McDaniel v. Fifth Third Bank*, 568 Fed.Appx. 729, 731 (11th Cir. 2014) (emphasis original) (holding that the jurisdictional amount was satisfied by looking to the maximum possible recovery of punitive damages permitted by statute). Further, when considering claims for punitive damages against large companies, it is clear that "any award that is soundly and honestly calculated to punish and deter [a large company's] wanton behavior ... would have to be substantial." *Roe v. Michelin N. Am. Inc.*, 637 F.Supp.2d 995, 998 (M.D. Ala. 2009), *aff'd*, 613 F.3d 1058 (11th Cir. 2013)."

*Pullum v*, 2019 WL 2578948, at *2. Concerning the issue of the amount of punitive damages that *could* be awarded against Ford, the Court noted that the only restriction on the amount of punitive damages that could be awarded was as follows:

> "At this point, it appears to the Court that the only applicable restriction on punitive damages comes from *Ala. Code* § 6-11-21 (a), which states that "no award of punitive damages shall exceed three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($ 500,000), whichever is greater.""

*Pullum*, 2019 WL 2578948, at *3. Taking into account that the plaintiff did not expressly disclaim recovery in excess of $75,000.00 and that a punitive damage award was sought against a large company, which *could*, in and of itself, satisfy the amount in controversy requirement, the Court determined that Ford carried the necessary burden:

> "In looking to [the plaintiff's] complaint, the Court is satisfied that the Defendant has proved the requisite amount in controversy by a preponderance of the evidence. … The absence of a disclaimer relating to her state-law claims or her overall recovery is persuasive under these circumstances.

10

> Additionally, [the plaintiff] requests punitive damages against Ford Motor Company in four of her claims. As noted in *Roe*, if the Court were to award punitive damages against a company as large as Ford, that award would need to be substantial—certainly in excess of the $75,000.00 threshold. And here, following the Eleventh Circuit's logic in *McDaniel*, such a large award of punitive damages *could* be awarded. …
> Accordingly, Pullum's claims for punitive damages against Ford combined with her failure to disclaim damages over $75,000.00 establishes the amount-in-controversy requirement. Therefore, the Defendant has carried its burden."

*Pullum*, 2019 WL 2578948, at *2–3.

23. Mr. Mitchell demands judgment against First Acceptance of the underlying judgment, which is $1,888,700.76, plus interest and costs, and asks the jury to award <u>additional compensatory and punitive damages for the bad faith claim</u>.

24. In utilizing its "judicial experience and common sense", this Court should find that, based on Mr. Mitchell's contentions, causes of action, and claims for damages, the amount in controversy exceeds the jurisdictional amount of more than $75,000.00.

25. Finally, Mr. Mitchell did not expressly disclaim recovery in excess of $75,000.00. Rather, he demanded judgment of $1,888,700.76, plus post-judgment interest and costs in Count I, $1,888,700.76, plus interest and costs in Count II and all compensatory and punitive damages available under Alabama law, plus interest and costs in Count III. Based on these facts and the applicable law, as set forth above, First Acceptance has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

### III. PROCEDURAL NOTICE

26. Promptly after filing this Notice of Removal with this Court, First Acceptance will give notice of the removal to all adverse parties and will file a Notice of Removal with the Circuit

Court of Mobile County, Alabama, to affect the removal of this action to this Court, all in conformity with 28 U.S.C. § 1446(d).

27. No previous application has been made for the relief requested herein.

28. If any question arises regarding the propriety of the removal of this action, First Acceptance respectfully requests this Court the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

29. First Acceptance reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant First Acceptance Insurance Company hereby gives notice that the above-entitled action is removed from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division.

Respectfully submitted,

*/s/ Megan K. McCarthy*
MEGAN K. MCCARTHY (7279M71K)
Attorney for Defendant First Acceptance Insurance Company, Inc.

**OF COUNSEL:**
Ball, Ball, Matthews & Novak, P.A.
445 Dexter Avenue, Suite 9045
Montgomery, AL 36104
(334) 387-7680 ext. 180
(334) 386-0056 (direct)
(334) 387-3222 (fax)
Email: mmccarthy@ball-ball.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2025, an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the United

States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm email to the following attorneys:

Samuel P. McClurkin, IV
Long & Long, P.C.
3600 Springhill Memorial Drive N
Mobile, Alabama 36608
Phone: (251) 445-6000
Fax: (251) 445-0282
Email: mac@longandlong.com
*(Attorney for Plaintiff)*

                                        */s/ Megan K. McCarthy*
                                        OF COUNSEL